UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURT LOWDER, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO.: 3:19-CV-908-RLM-MGG |

OPINION AND ORDER

Curt Lowder, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISP-19-07-0024), in which a hearing officer found him guilty of battery in violation of Indiana Department of Correction offense A-102. Among other sanctions, he lost 180 days of earned-timed credits.

The charge was initiated when Officer R. Alexander wrote a conduct report stating as follows:

> On 7-2-19 at approx. 11:45pm I Officer R. Alexander was told by the suicide companions that offender Lowder DOC# 972067 was trying to hang himself. When I arrived at his cell DCH 100W to talk to him he spit in my face right next to my left eye across the face touching the mouth. At this time Officer J. Ellis came over and told him to cuff up. Offender Lowder DOC# 972067 waited with Officer J. Ellis until Sgt. Tinsley, and Sgt. Heavilin arrived on unit. Sgt. Heavilin and Sgt. Tinsley escorted offender Lowder to SMC 2 without any further incident.

(ECF 7-1.) Officer J. Ellis provided a witness statement as follows:

> Concerning on 7/2/2019 at approximately 11:45 pm I officer J. Ellis was called to signal 8 DCH 100 west range 100 offender Lowder DOC #972067 by officer R. Alexander. As I arrived to the 100 west range to see what officer Alexander needed I witnessed offender Lowder

> spit towards officer R. Alexander striking him in the lower left side of his face. I then proceed to arrive in front of offender Lowder cell and gave him a direct order to cuff up he complied[.] I then contacted the shift supervisor and I stood there waiting for Sgt. Tinsley, and Sgt. Heavillin to arrive on unit. The two sergeants then escorted offender Lowder to SMC 2 [without any] further incident.

(ECF 7-4). Officer J. Zepeda also submitted the following witness statement:

> On 7/2/2019 at approximately 11:45 pm I Ofc. Zepeda responded to Ofc. Alexanders location in DCH range 100 West. Once at that location I witnessed Off. Lowder #972067 spit in Ofc. Alexanders face to which at that moment Off. Lowder #972067 was ordered to cuff up by Ofc. Ellis. Off. Lowder #972067 complied and was taken to SMC by Sgt. Tinsley.

(ECF 7-5). Sergeant Tinsley and Sergeant Heavilin also submitted statements confirming that they had assisted in placing handcuffs on Mr. Lowder and escorting him to restrictive housing after this incident.

Mr. Lowder was formally notified that he was charged with a "body fluid and fecal waste" in violation of offense A-123 and given a copy of the conduct report. He pleaded not guilty and declined the assistance of a lay advocate. He didn't request any witnesses, but asked for camera evidence to show that he "was in an altered state and not in his right mind" at the time of this incident. (ECF 7-2.) The hearing officer searched for available surveillance video, but the incident wasn't viewable because there was no camera in that area.

At his disciplinary hearing, Mr. Lowder made this statement in his defense: "I asked to review camera but there wasn't one to view. I was not in my right state of mind. I was under duress." (ECF 7-3.) Based on the conduct report and witness statements, the hearing officer found Mr. Lowder guilty of a different offense: A-102, battery. Mr. Lowder's administrative appeals were denied.

2

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Mr. Lowder's petition contains two claims. First, he claims that he was denied due process because he didn't receive adequate notice when the charge was changed from A-123 to A-102. Second, he claims that his rights were violated because the "video was not reviewed as requested." Within his second claim, he also argues that the lack of cameras in this area violated IDOC policy regarding monitoring inmates on suicide watch.

The record reflects that Mr. Lowder was formally notified of the charge on August 8, 2019. The hearing was held on August 15, 2019, a full week later. Mr. Lowder complains that the charge was modified, but due process isn't violated by a modification to the original charge as long as the inmate was given "all the information he needed to defend" against the modified charge. Northern v. Hanks, 326 F.3d 909, 911 (7th Cir. 2003). Mr. Lowder was originally charged with violating A-123, defined as "[p]lacing body fluid or fecal waste in a location

3

unintended for the hygienic disposal of body fluid or fecal waste and/or placing body fluid or fecal waste in a location with the intent that another person will touch or otherwise come in contact with the body fluid or fecal waste." (ECF 7-11 at 1.) He was found guilty of A-102, battery, defined as "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." (ECF 7-11 at 1.) The charges were both A-level offenses and involved closely related conduct. Mr. Lowder was given a copy of the conduct report, which accused him of spitting in Officer Alexander's face. He was obviously aware of the underlying facts, and indeed, he acknowledges that he spit on Officer Alexander, but claims he wasn't thinking clearly at the time. He was given all the information he needed to defend against the battery charge, and he hasn't explained, nor can the court imagine, how the modification impaired his right to prepare a defense.

He next claims that he was denied evidence because the video was "not reviewed as requested." (ECF 1 at 2.) The respondent argues that this claim is procedurally defaulted because it wasn't included in Mr. Lowder's administrative appeals. A prisoner must exhaust all available state administrative remedies, and the failure to do so constitutes a procedural default precluding habeas relief. 28 U.S.C. § 2254(b)(1)(A); <u>Markham v. Clark</u>, 978 F.2d 993, 995-996 (7th Cir. 1992). The record reflects that Mr. Lowder didn't assert any error related to the video evidence in his administrative appeals, and instead focused on his claim that the charge was modified without proper notice. He hasn't responded to the

4

state's procedural default argument, nor is there any apparent basis in the record to excuse his procedural default. Therefore, the court can't reach this claim on the merits. 28 U.S.C. § 2254(b)(1)(A).

Even if Mr. Lowder could overcome his default, this claim wouldn't entitle him to federal habeas relief. He asked for video evidence, but t there was no video evidence available, and the hearing officer can't be faulted for failing to consider evidence that did not exist. Wolff v. McDonnell, 418 U.S. at 556. Mr. Lowder's claim that the lack of cameras in that area violated IDOC policy doesn't present a basis for granting federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); *see also* Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED on August 13, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT